McDowell, by a written contract, bound himself to convey certain lands to the plaintiff (describing them) when the Indian title thereto should be extinguished. McDowell died before the Indian title was extinguished; and this action is brought against his executors for a breach of the agreement. All these facts appear upon the face of the declaration.
I am at a loss to see wherein this contract has been violated, either by McDowell in his lifetime or by his executors since his death.
When a person contracts to do what Lord Coke calls a local act, by which I understand an act that requires the concurrence of another, he has time during life to perform it, unless hastened by request; but he must do it at his peril during life (that is, even without request); if he does not, his contract is violated. If, however, he has a specified time to do it in, and he dies before the expiration of that time, the contract is not violated, for the act of God injures no man. Therefore, (19) Coke advises that his heirs be bound. Coke Litt., 216, a. But it is otherwise as to what he calls transitory acts, such as do not require the agency of the other party, as the payment of money or the like. If no time be specified, he shall do it presently in some cases, in others at a convenient time, and that without request. Where a time is fixed, and the person making the engagement dies before that time, it shall be done by his executors; for these acts may as well be done by the executors as the party, and the obligations devolve on the executors, whether named or not; but it is not so as to heirs; the obligation does not devolve on them, unless bound by their ancestor, nor is the ancestor or his executors bound for their acts, unless he binds himself for them, as in the case recommended by Coke, before cited; that is, when he covenants that he or his heirs shall do a local act, within a specified time, and he dies within the time, his executors are then bound that the heir shall do it. But this case is much stronger than when a person binds himself to do a local act, within a specified time, where even he is excused by death. For here he binds himself to do an act, after another act is done, over which he has no control, and he dies before this other act is done. It cannot, therefore, be *Page 15 
pretended that McDowell violated his agreement in his lifetime, or that his administrators have since his death, for they have no estate to convey, and it was never designed that they should make the estate. If the testator had bound himself, without limitations of time, and died without performance, his wrong would have been thrown upon his estate. But here I cannot perceive that any wrong has been done by any one. In this case, I think that the lands in question descended to the heirs at law, burthened with the plaintiff's equity, and in this view of the case complete justice will be done. The personal representatives have done no wrong and the personal estate is the proper fund, in the first instance, to make compensation for the wrongs of the owner, whether founded on tort ( 20 ) or on breach of contract. If this action was sustained, those entitled to the personal estate might be disappointed, when the only wrong, if any, has been committed by the heir, in not performing the trust.
The judgment for the plaintiff should be reversed, and the judgment on the record arrested; but as there is a motion for a new trial on another ground, I am content to reverse the judgment. A new trial will follow of course, on the other ground. I concur with Judge Hall, in his construction of the saving in our statute of limitations.
TAYLOR, C. J., concurred.
Approved: Bennett v. Williamson, 30 N.C. 120; Harris v. Harris,71 N.C. 176.